CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 28 2010
JULIA C. DUDLEY, CLERK
BY: 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JACOB SHOUSE, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>TRACY RAY, et al., )<br>    Defendants. ) | Civil Action No. 7:10-cv-00061<br><br>MEMORANDUM OPINION<br><br>By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff Jacob Shouse, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff also filed a motion requesting a preliminary injunction against Virginia correctional officials to receive "adequate" mental health treatment outside the Red Onion State Prison during the pendency of this action.

A preliminary injunction is an "extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 689-90 (2008). A movant must establish four elements before a preliminary injunction may issue: 1) he is likely to succeed on the merits; 2) he is likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008). Plaintiff is not allowed to demonstrate only a "possibility" of irreparable harm because that standard is "inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 375-76.

Plaintiff fails to presently establish that he is likely to succeed on the merits. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available

are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is a mandatory prerequisite to filing a civil action in federal court, <u>Anderson v. XYZ Correctional Health Services, Inc.</u>, 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life." <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. <u>Woodford v. Ngo</u>, 548 U.S. 81, 90 (2006). Although plaintiff previously stated he filed untimely grievances, the question of whether plaintiff exhausted his administrative remedies is unresolved and has been scheduled for a hearing to determine it. See <u>Mullins Coal Co. v. Clark</u>, 759 F.2d 1142, 1147 (4th Cir. 1985) (stating preliminary injunction was premature when movant failed to seek exhaustion of administrative remedies under analogous rule). <u>See also</u> <u>Nationsbank Corp. v. Herman</u>, 174 F.3d 424 (4th Cir.1999) (in context of affirmative action compliance review proceeding, where plaintiff had to exhaust administrative remedies prior to bringing suit, preliminary injunction was improper since party cannot prevail on merits of suit it does not have the right to bring).

Plaintiff also fails to establish how an transfer from a correctional facility to a medical facility based on an allegation of inadequate treatment furthers the public's interest when that interest is served by adjudicating that claim to prevent unnecessary and expensive transfers. Although plaintiff wants a transfer, prisoners do not have any right to be housed in a particular facility. <u>See, e.g.</u>, <u>Meachum v. Fano</u>, 427 U.S. 215 (1976). Furthermore, involving a federal court in the day-to-day administration of a prison is a course the judiciary generally disapproves of taking. <u>See, e.g.</u>, <u>Bell v. Wolfish</u>, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating institution in manageable fashion are

"considerations . . . peculiarly within the province and professional expertise of corrections officials"). Although plaintiff alleges that he could suffer irreparable harm by his own efforts, the present record does not establish that it is likely plaintiff will succeed in an attempt or that any failed attempt is not irreparable. Accordingly, plaintiff fails to establish the elements for a preliminary injunction, and I deny his request.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff and counsel of record for the defendants.

**ENTER**: This 28th day of September, 2010.

Jackson L. Kiser
Senior United States District Judge