CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RKJ
DEC 06 2010
JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JACOB SHOUSE, | ) | Civil Action No. 7:10-cv-00061 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| TRACY RAY, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Jacob Shouse, a Virginia inmate proceeding pro se, brought this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested in 28 U.S.C. §1343. Throughout the pendency of this action, plaintiff has communicated with the court via letters and motions; however, plaintiff has not responded to a recent court notice or the defendants motion, and, thus, I dismiss the action without prejudice.

In response to the complaint, the medical defendants filed a response, and the court ordered the medical defendants to file a supplemental motion for summary judgment. After the medical defendants filed the motion, the court issued a notice to plaintiff as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising him of his opportunity to file a response to the motion. The notice also advised plaintiff:

> If plaintiff does not respond to defendants' pleadings, the court will assume that plaintiff has lost interest in the case, and/or that plaintiff agrees with what the defendants state in their responsive pleadings. If plaintiff wishes to continue with the case, it is necessary that plaintiff respond in an appropriate fashion. Plaintiff may wish to respond with counter-affidavits or other additional evidence as outlined above. <u>However, if plaintiff does not file some response within the twenty-one (21) day period, the court will dismiss the case for failure to prosecute.</u>

Additionally, the court's initial orders in this case clearly notified plaintiff that his case would be dismissed if he did not immediately notify the court of any change of address.

More than twenty-one days have elapsed since the issuance of the Roseboro notice, and

plaintiff has not responded to the medical defendants' motion for summary judgment. Plaintiff has not notified the court that he has had any change in his address and has not otherwise communicated with the court during this time, and the notice sent to him at his last known address was not returned to the court as undeliverable. Given plaintiff's failure to respond to the evidence and arguments that the medical defendants submitted in their motion for summary judgment, I assume that he either agrees with their arguments or has lost interest in pursuing the case. Accordingly, I dismiss the action without prejudice, pursuant to Federal Rules of Civil Procedure Rule 41(b), for failure to prosecute.

The Clerk is directed to send a copy of this order to the plaintiff and counsel of record for the defendants.

**ENTER:** This 6th day of December, 2010.

Senior United States District Judge